**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

DEC - 9 2020

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | | |
|---|---|---|
| MICHAEL S. FIORITO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1: 20-cv-03350 (UNA) |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al*., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**TRANSFER ORDER**

Plaintiff, a federal prisoner designated to USP Atlanta, has filed a *pro se* complaint seeking injunctive relief and monetary damages against the United States, the Bureau of Prisons ("BOP") and several of its officials, unnamed BOP attorneys, and various Jane and John Does.  He styles the complaint primarily as an action for constitutional violations.[1]  The primary relief sought, however, is an order directing BOP to release plaintiff to home confinement pursuant to the goal of the CARES Act to reduce the federal inmate population due to COVID-19.

A prisoner has no constitutionally protected interest in his place of confinement.  *Olim v. Wakinekona*, 461 U.S. 238, 248 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976).  And the BOP has sole discretion over whether a prisoner should be released into home confinement.  *See United States v. Orji*, 2020 WL 5107545 at *4 (Aug. 31, 2020 D.D.C. 2020) (finding that "[p]lacement of a prisoner is in the hands of the BOP, and 'a designation of a place of

---

[1] To the extent that plaintiff is raising claims regarding the conditions of his confinement at USP Atlanta, whether pursuant to 42 U.S.C. § 1983, for violations of the Eighth Amendment, or for any other constitutional claim, venue in the District of Columbia is improper. *See generally* 28 U.S.C. §§ 1391(b), 1406(a).  The Court will leave it to the receiving court to decide whether plaintiff has properly stated any such claims and, if so, where they should be heard.

imprisonment . . . is not reviewable by any court.'") (citing 18 U.S.C. § 3621(b)).   More
specifically,

> [u]nder 18 U.S.C. § 3624(c)(2), as amended by the First Step Act, the
> BOP, not the courts, has 'the authority' to place prisoners into home
> confinement. Although the CARES Act extended the authorized term of
> home confinement under this provision, Pub. L. No. 116-136, §
> 12003(b)(2), 134 Stat. 281 (to be codified at 18 U.S.C. § 3621 note), the
> law did not grant to courts the authority to determine whether a prisoner
> should be placed on home confinement[.]

*Id.* (collecting cases).  Therefore, there is no basis for federal jurisdiction over plaintiff's request
for release to home confinement under the CARES Act.

Alternatively, the complaint could be construed as a demand for compassionate release,
pursuant to the First Step Act, based on the "extraordinary and compelling" circumstances, *see* 18
U.S.C § 3582(c)(1)(A)(i), created by COVID-19.  Such clams, however, must be presented to the
sentencing court.  *See United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) ("Section 3582's
text requires those motions to be addressed to the sentencing court, a point several Circuits have
noted"); *see also Landazuri v. Hall*, 423 F. App'x 475 at *1 (5th Cir. April 28, 2011) ("Because
[plaintiff] did not file this [3582(c)] challenge to his sentence in the court in which he was
sentenced, the district court ruled correctly that it lacked jurisdiction to consider it"); *Rodriguez-
Aguirre v. Hudgins*, 739 F. App'x 489, 491 n.2 (10th Cir. 2018) ("district court lacked authority
to entertain [petitioner's] request for relief under 18 U.S.C. § 3582(c)(1)(A) because he filed his
request in the district in which he is currently confined rather than in the district that imposed his
sentence").

While *Raia*, 954 F.3d at 598, specifically examined an appellate court's want of jurisdiction
over a § 3582 motion in the first instance, other federal districts have interpreted its holding to be
applicable at the trial court level.  *See, e.g., Bolden v. Ponce*, 2020 WL 2097751 at *2 (C.D. Cal.
May 1, 2020) (holding that it held "no authority to grant release under § 3582(c)(1)(A) because

"[o]nly the original sentencing court can entertain such requests"); *Sweeney v. Herrera*, 2020 WL 4980062 at *3 (C.D. Cal. June 8, 2020) (same); *Lewis v. Jacquez*, 2020 WL 6151421 at *3 (W.D. Wash. Sep. 29, 2020) (same); *see also United States v. Byfield*, 522 U.S. 400, 402 (D.C. Cir. 2008) (per curiam) (holding that "the purpose of a [§ 3582(c)(2)] motion is to ask the sentencing court to reduce a sentence[.]"). Here, plaintiff was sentenced in the United States District of Minnesota, *see United States v. Fiorito*, No. 07-cr-00212 (D. Minn. filed Jun. 19, 2007) at ECF No. 436 (sentencing judgment), and consequently, such a claim must be presented to that court.

Accordingly, it is

**ORDERED** that this case is **TRANSFERRED** in the interest of justice, *see* 28 U.S.C. § 1406(a), to the **United States District Court for the District of Minnesota**. Whether plaintiff is entitled to a temporary restraining order, ECF No. 5, or expedited service, ECF No. 6, or should proceed without prepayment of fees, ECF No. 2, are determinations left for the receiving court.


Date: December 9, 2020                    *Christopher R. Cooper*
                                          CHRISTOPHER R. COOPER
                                          United States District Judge